OPINION
{¶ 1} Defendant-appellant, Todd C. Thatcher, appeals a Findlay Municipal Court decision denying his "motion for attorney fees, costs and compensatory damages" following a judgment in his favor in an action initiated by his former employer, plaintiff-appellee, Culligan Water Conditioning. Appellant argues that the trial court abused its discretion when it overruled the motion without conducting an evidentiary hearing. Because R.C. 2307.61(B) does not require a separate hearing and the record hereunder contains sufficient evidence to permit a determination as to the merits of appellant's request, we affirm the judgment of the trial court.
 {¶ 2} In June 2001, appellee filed a complaint against appellant pursuant to R.C. 2307.60, claiming that he had ordered a water testing kit from an open account, left its employ shortly thereafter, and failed to return the kit until payment was demanded. The matter was tried before the Findlay Municipal Court in April 2002. On April 12, 2002, the trial court issued a decision dismissing appellee's complaint at its costs with prejudice.
 {¶ 3} Thereafter, appellant submitted a "motion for attorney's fees, costs and compensatory damages" pursuant to R.C. 2307.61(B), requesting therein that the court conduct an evidentiary hearing. In response, appellee argued that the circumstances surrounding the incident raised a question of theft and that appellant's failure to return the kit for several months after his resignation without explanation or to timely engage in discovery prevented it from assessing the need for litigation.
 {¶ 4} On May 16, 2002, the trial court denied the motion without a hearing. Noting the discretionary nature of the determination, the trial court found, "after a thorough review of the file and record," that "it would not be just or reasonable to require Plaintiff to pay the Defendant's attorney's fees." In support thereof, the court indicated that the litigation was not frivolous and cited the fact that appellant had "contributed to the dispute by not returning the test kit immediately upon leaving the [appellee's] employment, thus requiring the [Appellee] to seek legal assistance." From this decision appellant appeals, contending that the trial court "erred and abused its discretion when it overruled Defendant-Appellant's motion, filed pursuant to Ohio Revised Code §2307.61(B), without first holding an evidentiary hearing in support of same."
 {¶ 5} R.C. 2307.61(B) provides that "if the defendant prevails in the civil action [pursuant to division (A) of section 2307.60 of the Revised Code to recover damages for willful damage or for a theft offense], the defendant may recover from the property owner reasonable attorney's fees, the cost of defending the civil action, and any compensatory damages that may be proven."[1] The qualified nature of the term "may" vests the resolution of the merits of a request or a party's entitlement to attorney fees, costs, or compensatory damages within the sound discretion of the trial court. Deference should be afforded this determination due to the trial court's involvement in and familiarity with the nature of the underlying proceedings and respective parties. Accordingly, we will not reverse the trial court's decision absent an abuse of that discretion, which implies the trial court's attitude was unreasonable, arbitrary, or unconscionable.[2] "A decision is unreasonable if there is no sound reasoning process that would support that decision."[3] Moreover, although some form of evidence is required to evaluate the merits of a request, R.C. 2307.61 does not require a separate evidentiary hearing. Evidence in the record can be sufficient to permit a determination as to a party's entitlement to or the reasonableness of the fees, costs, or compensatory damages in the absence of a separate hearing.[4]
 {¶ 6} Appellant complains only that the hearing was necessary "in order to allow the Defendant-Appellant to set forth his compensatory damages incurred in his defense of Plaintiff-Appellee's litigation." However, he does not contend and the record does not indicate that additional evidence was necessary to ascertain his entitlement to fees, costs, or compensatory damages. Conversely, the record presents a relatively detailed outline of the parties' respective conduct leading up to and throughout the trial proceedings, thereby providing sufficient evidence to permit an informed determination as to the merits of appellant's request in the absence of a separate hearing. Having denied the request, a hearing as to the amount of damages would be superfluous. Furthermore, although Appellant complains that the reference to whether the action was frivolous reflects that the court misconstrued the motion as being filed pursuant to R.C. 2323.51, the court's judgment clearly indicates that it was as well considering the motion under the parameters of R.C. 2307.61. In the exercise of its discretion, the court was certainly free to consider the merits of appellee's complaint and whether appellant's conduct contributed to the need for litigation. Therefore, we cannot find that no sound reasoning process would support the decision or that the court's attitude was arbitrary or unconscionable.
 {¶ 7} Accordingly, appellant's assignment of error is overruled.
 {¶ 8} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, the judgment of the Findlay Municipal Court is hereby affirmed.
Judgment affirmed.
 BRYANT and HADLEY, JJ., concur.
[1] Emphasis added.
[2] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140.
[3] AAAA Enterprises, Inc. v. River Place Community Urban RedevelopmentCorp. (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597.
[4] Cf. Gordon Food Service, Inc. v. Bystry (Sept. 20, 2002), Lake App. No. 2002-L-018, 2002-Ohio-4957.